

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 7, 1959

Dr. J. W. Edgar
Commissioner of Education
Austin, Texas

Dear Dr. Edgar:

Opinion No. WW-755

Re: May the Central Education Agency approve a program for non-English speaking children pursuant to House Bill 51, 56th Legislature, Regular Session, which shall cover a period of less than three (3) months?

Your request for an opinion recites that House Bill 51, Acts 56th Legislature, Regular Session, 1959, page 1052 (Article 2654-1b, Vernon's Civil Statutes) authorizes the Central Education Agency to develop a pre-school instructional program for non-English speaking children.

Section 2 of House Bill 51 provides:

"The program for non-English speaking children shall cover a period of three (3) months. . . ."

Your request points out the problem that has arisen in connection with the effectuation of the program as follows:

"In consultations with persons experienced in teaching non-English speaking children, it was determined that this program would be most beneficial for eligible children if operated and administered in the summer months immediately prior to September when they would be entering their first grade. Conferences further developed that in some districts a program for a full sixty-day period was not essential; that the regulation should provide for a 40 to 60-day period at the election of the participating district. Further it was pointed out that a teacher supply for the program on a 60-day, three-month basis covering June, July and August, would be

seriously hampered. Most teachers eligible for such a program already teach on a regular nine-month basis and simply would not sign up for another three-months summer term."

The Legislature has unquestioned authority to provide for a mandatory period of instruction. Whether the Legislature has provided for a mandatory period or whether Section 2 is merely directory cannot be determined solely from the use of the word "shall."

It was contended in Smith v. Morton Independent School District, 85 S.W.2d 853 (Tex.Civ.App. 1935, writ dismissed), that a contract was illegal and unenforceable which did not comply with the provisions of Article 2781 which provided that "all 12 month contracts ... with employees herein mentioned shall begin on July 1st and end on June 30th...". The Court held: "The statute does not affirmatively declare that a contract covering definite months of the school year would be void, nor is there any penalty attached to the Act of the parties in contracting otherwise than specified in the statute. We think the statute in the particular discussion is merely directory."

The Supreme Court, in Chisolm v. Bewley Mills, 287 S.W.2d 943, held that the thirty-day filing requirement in Art. 3523, Texas Revised Civil Statutes, 1925, was not mandatory, stating the applicable rule of construction as follows:

"There is no absolute test by which it may be determined whether a statutory provision is mandatory or directory. The fundamental rule is to ascertain and give effect to the legislative intent. Although the word 'shall' is generally construed to be mandatory, it may be and frequently is held to be merely directory. In determining whether the Legislature intended the particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory."

It is obvious from a reading of its provisions, especially Section 1, that the purpose of the statute is to provide for a program of instruction in basic English words for non-English speaking children to better enable them to complete successfully their first year of work in the public schools.

The teaching of these basic English words, and not merely the conducting of a 3-month period of instruction, is the essence of the thing to be done.

An interpretation of Section 2 which required that every program set up pursuant to the statute cover a 3-month period would defeat the purpose of the statute when it is possible to accomplish the purpose in a lesser period of time and when it is not practical to set up the program on a 3-month basis, since this might keep some eligible school districts from participating. It should be assumed, of course, that it was intended that a program could be approved under which the purpose of the statute could be accomplished.

The Central Education Agency is given the responsibility of developing the program. It is presumed that the Legislature intended to confer such incidental powers as are necessar to render effective the power granted. Falkner v. Memorial Gardens Association, 298 S.W.2d 934 (Tex.Civ.App.). Therefore, the agency has the power to determine whether a program covering a lesser period than 3 months can substantially accomplish the statutory purpose.

It is therefore our opinion that Section 2 of H.B. 51 is directory. If, in the opinion of the Central Education Agency, it is possible to accomplish the purpose of the statute in less than 3 months and it is not practical to conduct a 3-month program, then a program of less than 3 months may be approved.

## SUMMARY

The Central Education Agency may approve a program for non-English speaking children pursuant to House Bill 51, Acts 56th Legislature, Regular Session, 1959, page 1052 (Article 2654-1b,Vernon's Civil Statutes), which covers a period of less than three (3) months provided the agency finds that the

purpose of the program, as expressed in
Section 1 of the Act, can be accomplished
by a shorter period of instruction.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Joe A. Osborn
Joe A. Osborn
Assistant

JAO:bh:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Ray Loftin
C. K. Richards
Riley Fletcher
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
BY     Leonard Passmore